# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

IN THE MATTER OF THE ) 
PERSONAL RESTRAINT OF: ) No. 71471-6-I 
DERRICK O. STANTON, ) 
) DIVISION ONE 
) 
) UNPUBLISHED OPINION 
) 
Petitioner. ) FILED: OCT - 6 2014 

PER CURIAM. Derrick Stanton filed a personal restraint petition challenging his

restraint under King County Cause Nos. 93-1-01140-3 SEA and 93-1-03933-2 SEA.

In February 1993, the State charged Stanton with unlawful imprisonment and

criminal trespass in the first degree under King County Cause No. 93-1-01140-3. Stanton

pleaded guilty to criminal trespass and was sentenced on May 14, 1993. In June 1993,

the State charged Stanton with possession of marijuana with intent to deliver in King

County Cause No. 93-1-03933-2 SEA. A jury found him guilty of the lesser charge of

possession of less than 40 grams of marijuana. He was sentenced on November 11,

1993.

On January 28, 1994, Stanton was booked in jail under investigation for the crimes

of rape, robbery, burglary, and assault. Shortly thereafter, the State filed formal charges

and in March 1994, Stanton pleaded guilty to first-degree rape and first-degree robbery,

with deadly weapons enhancements on both charges. Based on the presence of multiple

aggravating factors, the court imposed an exceptional sentence of 300 months.

On April 27, 1994, two days before Stanton's sentencing on the rape and robbery

convictions, the court held a probation violation hearing on the two 1993 causes: 93-1-

01140-3 SEA (trespass) and 93-1-03933-5 SEA (possession). Upon finding multiple

violations of probation, the court entered orders modifying probation in each case and

imposed a sanction of 420 days' of confinement on each cause number, to run

concurrently, but consecutively to the sentence in the rape and robbery case (King County Cause No. 94-1-00794-3 SEA). Stanton was released by the jail into the custody of the Department of Corrections (DOC) on May 20, 1994.

Stanton is currently confined by the DOC pursuant to his rape and robbery convictions. According to the State, his current earned early date is set for April 20, 2016. There is an institutional hold on Stanton out of King County on each of the 1993 cause numbers, directing that Stanton be returned to the King County Jail after he serves his current sentence to serve the 420-day sanction.

In this petition, Stanton challenges the orders modifying probation in the 1993 causes, arguing that the 420-day sanction for probation violations exceeds the statutory maximum sentences for the crimes.[1] The State concedes error. The concession is well-taken.

Under the law in effect at the time of Stanton's crimes in the 1993 causes, first-degree criminal trespass was a gross misdemeanor with a statutory maximum sentence of one year in jail. See Former RCW 9A.52.070 (1979); Former RCW 9A.20.021(2) (1982). Possession of less than 40 grams of marijuana was a simple misdemeanor with a statutory maximum of 90 days in jail. See Former RCW 69.50.401(e) (1989); RCW 9A.20.021(3) (1982). The 420-day sanction imposed thus exceeds the statutory maximum sentence for both causes.

According to the records provided by the State, although Stanton was confined under the 1993 causes in the King County Jail between January 28 and May 20, 1994, he was also confined under the 1994 rape and robbery case during that time period.

---

[1] As the State observes, Stanton technically challenges only the order in Case No. 93-1-01140-3, but his argument applies equally to Case No. 93-1-03933-2.

Therefore, Stanton is not entitled to credit against the sanction imposed on the 1993 causes for those 113 days served in jail. See RCW 9.94A.505(6) (under the Sentencing Reform Act, an offender is entitled to credit for jail confinement only if that confinement was "solely in regard to the offense for which the offender is being sentenced"). According to the State's calculation, taking into account time already served solely on the 1993 causes, Stanton may be ordered to serve no more than a total of 201 additional days on both causes.[2]

Accordingly, we grant Stanton's petition and remand to the King County Superior Court for appointment of counsel and for further proceedings consistent with this opinion.

For the court:

_Vadik, A_

_Becker, J._

_Cox, J._

---

[2] The jail certifications provided by the State indicate that Stanton has already served 164 days of the 365-day statutory maximum on the criminal trespass count and 3 days of the 90-day statutory maximum on the possession count.